UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

ARTHUR WHALEY,

                                        Plaintiff,          **COMPLAINT**

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER          <u>Jury Trial Demanded</u>
WAYNE ISAACS (shield # 4998), POLICE OFFICER
ANDRZEJ MAZIARAZ (shield # 11483), POLICE
OFFICERS JOHN DOES 1-3,

                                        Defendants.

--------------------------------------------------------------------- x

         Plaintiff ARTHUR WHALEY, by his attorney RICHARD CARDINALE, alleges

as follows:

## PRELIMINARY STATEMENT

         1.      This is a civil rights action in which the plaintiff alleges that the City of

New York and several New York City Police Officers violated his rights under 42 U.S.C. § 1983

and the Fourth, Sixth Amendments and Fourteenth Amendments to the United States

Constitution by retaliating against him for engaging in free speech, falsely arresting him, using

unreasonable force on him, denying him medical care, and denying him a fair trial.  Plaintiff also

asserts claims of false arrest, assault, battery and vicarious liability under New York state law.

Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and

further relief as the court deems just and proper.

## JURISDICTION & VENUE

         2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth

and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon

this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery and vicarious liability which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5.      Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6.      In connection with plaintiff's claims under state law, a notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiff's state law claims.

7.      This action is brought within one year and 90 days of the incident at issue.

## PARTIES

8.      Plaintiff is a resident of the State of New York, County of Kings.

9.      The City of New York is a municipal corporation organized under the laws of the State of New York.

10.      The individual defendants, Wayne Isaacs and Andrzej Maziarz, are members of the New York City Police Department ("NYPD").  Isaacs and Maziarz acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.  Isaacs and Maziarz are sued in their individual capacities.

2

## STATEMENT OF FACTS

11.     On July 6, 2014, at approximately 7:30 p.m., plaintiff was with family members in the vicinity of 310 Lexington Avenue between Nostrand and Marcy Avenues in Brooklyn changing the brakes on a car and otherwise engaging in lawful activity.

12.     At the above time and place, Police Officers Wayne Isaacs and Andrzej Maziarz walked up to one of plaintiffs' relatives and accused him of setting off fireworks.

13.     Plaintiff engaged in free speech by telling the officers that his relative had not set off fireworks.

14.     Plaintiff's lawful and peaceful intervention enraged the two officers as well as other officers who had arrived on the scene.

15.     The officers proceeded to arrest plaintiff and two other individuals who were at the location.

16.     Although plaintiff did not resist arrest, all of the officers involved in the arrest of plaintiff brought plaintiff to the ground in a violent manner, punched, kicked and struck plaintiff several times in the head and body, struck plaintiff with an asp baton, twisted plaintiff's arm, and handcuffed plaintiff excessively tight.   While using force on plaintiff, one of the officers called plaintiff a nigger.

17.     The officers brought plaintiff and the two others who were arrested to the 79th Precinct.

18.     In the 79th Precinct, the officers denied plaintiff's requests for water, a telephone call and medical treatment.

19.     The officers also took $96 from plaintiff and did not return the money or issue plaintiff a property voucher.

3

20.     In the 79th Precinct, Officer Maziarz, with the approval of Officer Isaacs, charged plaintiff with several offenses including resisting arrest and disorderly conduct.

21.     Plaintiff was subsequently taken to Brooklyn Central Booking.

22.     While plaintiff was in custody, Officer Maziarz, with the approval of Officer Isaacs, misrepresented to the Kings County District Attorney's Office that plaintiff had committed several offenses, including resisting arrest and disorderly conduct.

23.     Officer Maziarz, with the approval of Officer Isaacs, encouraged prosecutors to file false charges against plaintiff.

24.     Officer Maziarz, with the approval of Officer Isaacs, signed and swore to the accuracy of a criminal court complaint falsely charging plaintiff with resisting arrest and disorderly conduct.

25.     The criminal court complaint falsely stated that plaintiff committed the offenses resisting arrest and disorderly conduct.

26.     Approximately 24 hours after his arrest, plaintiff was arraigned in criminal court, released on his own recognizance and ordered to return to court.  After being released from custody, plaintiff obtained medical treatment at Woodhull Hospital and from his private doctor.

27.     Plaintiff made one court appearance after his arraignment and experienced a significant amount of anxiety while the criminal charges were pending.

28.     On July 22, 2014, plaintiff appeared in criminal court and the criminal charges were adjourned in contemplation of dismissal.

29.     As a result of the defendants' actions, plaintiff suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation, pain and physical injuries.

4

## FIRST CLAIM

### (§ 1983; VIOLATION OF RIGHT TO FREE SPEECH)

(Against All Defendants)

30.    Plaintiff repeats the foregoing allegations.

31.    Plaintiff exercised free speech during the incident in question by questioning defendants' actions.

32.    Plaintiff's exercise of free speech was a motivating factor in defendants' decisions to use force upon, arrest, deny medical care to, prosecute, and otherwise mistreat plaintiff.

33.    Accordingly, defendants are liable to plaintiff under the First Amendment for violating his right to free speech.

## SECOND CLAIM

### (§ 1983; FALSE ARREST)

(Against All Defendants)

34.    Plaintiff repeats the foregoing allegations.

35.    Plaintiff was conscious of his confinement, he did not consent to his confinement and his confinement was not privileged.

36.    Accordingly, defendants are liable to plaintiff under the Fourth Amendment for falsely arresting him.

## THIRD CLAIM

### (§ 1983; UNREASONABLE FORCE)

(Against All Defendants)

37.    Plaintiff repeats the foregoing allegations.

38.    Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff to suffer pain and injuries.

39.    Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## FOURTH CLAIM

### (§ 1983; DENIAL OF MEDICAL CARE)

(Against All Defendants)

40.    Plaintiff repeats the foregoing allegations

41.    Defendants refused to provide medical care to plaintiff in the 79th Precinct despite the fact that plaintiff was suffering from a serious medical need.

42.    Accordingly, defendants are liable to plaintiff under the Fourteenth Amendment for denying plaintiff medical care.

## FIFTH CLAIM

### (§ 1983; DENIAL OF A FAIR TRIAL)

(Against All Defendants)

43.    Plaintiff repeats the foregoing allegations.

44.    Defendants maliciously misrepresented to prosecutors that plaintiff committed several offenses including resisting arrest and disorderly conduct.

45.    Defendant's misrepresentations deprived plaintiff of liberty.

46.    Accordingly, defendants are liable to plaintiff under the Sixth Amendment for denying plaintiff a fair trial.

6

## SIXTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

47.     Plaintiff repeats the foregoing allegations.

48.     Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth, Sixth and Fourteenth Amendments, but they failed to fulfill their constitutional obligation to intervene.

49.     Accordingly, defendants are liable to plaintiff under the Fourth, Sixth and Fourteenth Amendments for failing to intervene to prevent the violation of plaintiff's rights under those amendments.

## SEVENTH CLAIM

### (FALSE ARREST UNDER N.Y. STATE LAW)

(Against All Defendants)

50.     Plaintiff repeats the foregoing allegations.

51.     Plaintiff was conscious of his confinement, he did not consent to his confinement and his confinement was not privileged.

52.     The City of New York is vicariously liable to plaintiff because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

53.     Accordingly, defendants are liable to plaintiff under New York state law for false arrest.

## EIGHTH CLAIM

### (ASSAULT UNDER N.Y. STATE LAW)

(Against All Defendants)

54.     Plaintiff repeats the foregoing allegations.

55.     Defendants' use of force on plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

56.     The City of New York is vicariously liable to plaintiff because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

57.     Accordingly, defendants are liable to plaintiff under New York state law for assault.

## NINTH CLAIM

### (BATTERY UNDER N.Y. STATE LAW)

(Against All Defendants)

58.     Plaintiff repeats the foregoing allegations.

59.     Defendants' use of force upon plaintiff constituted offensive and nonconsensual physical contact which injured plaintiff.

60.     The City of New York is vicariously liable to plaintiff because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

Accordingly, defendants are liable to plaintiff under New York state law for battery.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.      Attorney's fees and costs;

d.      Such other and further relief as the Court may deem just and proper.

DATED:  December 17, 2014

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391