

**ZACHARY W. CARTER**
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Okwede  N. Okoh**
*Special Assistant Corporation Counsel*
Tel.: (212) 356-3271
Fax: (212) 356-3509

March 17, 2015

**BY ECF**
Honorable Ramon E. Reyes
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Arthur Whaley v. City of New York, et al., 14 CV7334 (JG) (RER)

Your Honor:

I am a Special Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to handle the defense of the above-referenced matter on behalf of Defendant City of New York.  In that capacity, I write to respectfully request a stay of the present civil proceeding in its entirety, as well as an adjournment of the initial conference currently scheduled for March 18, 2015 at 12:30 p.m., pending the resolution of an ongoing Civilian Complaint Review Board ("CCRB") investigation, which relates directly to the underlying incident that is the subject of this lawsuit. This is the first request for a stay of this litigation, and plaintiff's counsel, Richard Cardinale, Esq., does not consent to the request.  Mr. Cardinale indicated that he would make his argument against the stay at the initial conference.

By way of background, plaintiff alleges, *inter alia*, that on July 6, 2014, he was unlawfully stopped, searched, falsely arrested and assaulted by New York City Police Officers. Since this office received the complaint and began investigating the allegations therein, the undersigned learned that there is a pending CCRB investigation arising out of the incident alleged in the complaint.  Upon information and belief, plaintiff was one of four individuals who were arrested as part of the underlying incident, one of whom have filed a complaint of, *inter* alia, excessive force against the officers involved.  Specifically, the other case pertaining to the same incident is *Nissan Footman v. City of New York*, 14 CV 6594, filed on November 9, 2014. This matter was stayed entirely pending the CCRB investigation by Magistrate Judge Orenstein.

The facts surrounding plaintiff's arrest involve a non-party who was stopped by police that ultimately led to a crowd of people surrounding officers as they attempted to place the

nonparty under arrest.  Upon information and belief, plaintiff was part of the crowd and tried to prevent the arrest of the Nissan Footman? along with two other people arrested on similar charges.  While plaintiff was not the complainant in the CCRB investigation, plaintiff's arrest as part of the incident is under review by CCRB.

There are several reasons defendant believes a stay is the most efficient manner to proceed in this action.  N.Y. Gen. Mun. L. § 50-k obliges the Corporation Counsel to reach a conclusion as to whether an employee acted within the scope of his employment at the time of the underlying incident in order to assume that employee's representation.  Specifically, N.Y. Gen. Mun. L. § 50-(k)(2) requires this office to determine whether the individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred."  Id.; see also Mercurio v. City of N.Y., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of N.Y., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law).

The findings of the CCRB may influence this office's representational decisions with regard to the named defendants as well as any additional police officers who are added as defendants in the future because the CCRB is investigating whether those officers violated any NYPD rules or regulations.  Moreover, our office's ability to meet with or interview those officers will be restricted during the pendency of the CCRB investigation because of the potential that a conflict of interest may arise between those officers and the City.  At the very least, the limitation on this office's contact with the officers involved in the alleged incidents significantly hampers our efforts to proceed in discovery and in particular, discuss settlement. But perhaps most critically, should the Court deny this application and this office assume representation of the officers, if the CCRB ultimately concludes that those officers were violating an NYPD rule, the undersigned and the entire Special Federal Litigation Division may be conflicted off of the case.

Moreover, from a practical perspective, should a stay be denied and this action proceed concurrently with the CCRB investigation, the parties will spend significant resources duplicating the efforts currently being undertaken by the CCRB: retrieving police documents and speaking to witnesses.  When this investigation is concluded, that information already will have been compiled and summarized, which should allow the parties to promptly gauge the potential of settlement and streamline paper and deposition discovery in this case should settlement discussions fail.  This is especially pertinent in a case such as this where the underlying incident involves numerous officers on scene not all of which may have had involvement with plaintiff. And because the contents of the ongoing investigation likely would be protected from disclosure by the law enforcement and/or deliberative process privileges, see Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005), the parties will not be able to obtain otherwise discoverable information that is vital to the progress of this litigation.

Upon information and belief, the assigned CCRB investigator has completed much of his investigation into the charges.  Therefore, Defendant City of New York respectfully requests: (1) a stay of this litigation; and (2) an adjournment of the initial conference presently scheduled for March 18, 2015 at 12:30 p.m. until a date and time convenient for the Court after the stay has been lifted.  Should the Court be inclined to grant the within request, defense

counsel is prepared to file a status letter within 45 days, regarding the progress of the CCRB investigation.

In view of the foregoing, it is respectfully requested that the Court grant the within request.  Thank you for your consideration herein.

Respectfully submitted,

/s/

Okwede N. Okoh
Special Assistant Corporation Counsel
Special Federal Litigation Division

cc:    Richard Cardinale, Esq. (By ECF)